**PACIFIC FINANCE CORPORATION,**
Appellant,

v.

**Harry MOORE, Trustee of the Estate of Billie Sol Estes, Bankrupt, Appellee.**

**No. 24081.**

United States Court of Appeals
Fifth Circuit.

June 9, 1967.

Cecil G. Magee, of Irion, Cain, Cocke & Magee, Dallas, Tex., James E. Irion, El Paso, Tex., Irion, Rash & Schwarzbach, El Paso, Tex., for appellant.

Allan L. Poage, El Paso, Tex., for appellee.

Before RIVES, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

When the assets of Billie Sol Estes were being sold by the Trustee, the Bankruptcy Court Order designated certain funds to pay "valid liens on Estes tanks" so that these tanks could be sold free and clear. The Order provided that "chattel mortgages executed by the Bankrupt in his own name or under assumed names are eligible to present claims for consideration." Appellant Pacific, which held a conditional sales contract in the name of W. J. Worsham on a tank listed in the Estes inventory, filed a claim of $19,200.00, to which the Trustee objected.

At a hearing before the Referee, it was undisputed that the signature on the contract was not that of Worsham; no direct evidence, however, was offered as to the identity of the person who had signed it. Worsham testified by deposition that he had given Estes permission to use his name to obtain credit, although he did not see anyone sign the particular contract in question. He was aware of the obligation to Pacific, received a payment book from Pacific, never questioned the contract and sent checks in through his secretary when Estes sent him a payment. The Referee sustained the contention of the Trustee and held the obligation on which Pacific's claim was based to be invalid on the ground that the contract was not signed by Estes in his own or any of his assumed names. The District Court affirmed the order of the Referee.

The question is whether failure to prove directly that Estes signed the sales contract under the name of W. J. Worsham, as Worsham had given him authority to do, is fatal to Pacific's claim against Estes's Trustee.

Pacific showed that Worsham had given Estes authority to use his name to obtain credit and that the tank on which the contract was given ultimately wound up in Estes's inventory. Without any further evidence being offered as to whether Estes actually signed Worsham's name to the contract, one of two conclusions could be drawn, that is either (1) Worsham's signature to the contract was a forgery or (2) Estes signed the contract using Worsham's name as Worsham had given him authority to do. The choice being between forgery and an authorized signature, we should assume the signature to be authorized. Further, the only reasonable conclusion from all of the evidence and circumstances is that the contract was executed by the Bankrupt under the assumed name of W. J. Worsham with the consent of the true W. J. Worsham.

The judgment is therefore reversed and the cause remanded with directions to allow Pacific's claim.

Reversed with directions.